**\*\*E-filed 04/14/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In Re PLANT INSULATION COMPANY, | No. C  09-4222 RS |
| Debtor. | Bankr. Ct. No, 09-31347 TEC |
| _____/ | **ORDER DENYING MOTION FOR LEAVE TO APPEAL AND DISMISSING APPEAL** |
| UNITED STATES FIRE INSURANCE COMPANY, | |
| Appellant, | |
| v. | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Appellee. | |
| _____/ | |

## I.  INTRODUCTION

United States Fire Insurance Company initiated this proceeding by simultaneously filing a notice of appeal from a decision of the Bankruptcy Court and, in the alternative, a motion for leave to appeal, in the event there is no appeal as of right.  The order that US Fire seeks to challenge

1

appoints the Law Firm of Sheppard Mullin Richter & Hampton, LLP as counsel for the Official Committee of Unsecured Creditors in the bankruptcy proceedings.  US Fire contends that Sheppard Mullin should have been disqualified from representing the Committee, given its prior representation of US Fire in another matter.

The Committee opposes US Fire's motion for leave to appeal, and separately moves to dismiss as to the notice of appeal that US Fire filed.  The two motions were both set for hearing on the same day, but the Court took them under submission without oral argument, prior to the reassignment of this case to the undersigned.  Under Ninth Circuit precedent, the Bankruptcy order in dispute here is not separately appealable either as a "final" or a "collateral" order.  Accordingly, dismissal of the notice of appeal must be granted.   While the Court has discretion to grant leave to appeal an interlocutory order in appropriate circumstances, US Fire has not shown that such leave is warranted here.  Therefore its motion will be denied.

II.  DISCUSSION

Appeals from Bankruptcy Court decisions are governed by 28 U.S.C. §158.  Subdivision (a)(1) of that section vests in district courts the jurisdiction to hear appeals "from final judgments, orders, and decrees."  Subdivision (a)(3) permits appeals to district courts of interlocutory bankruptcy orders and decrees, "with leave of court."  Here, US Fire contends it is entitled to appeal as of right the order appointing Sheppard Mullin as counsel for the Committee, either as a "final" or "collateral" order, or that it should be granted leave to appeal under subdivision (a)(3) of section 158.

a. *"Final" judgments*

Relying on the Third Circuit decision in *In re BH&P, Inc.*, 949 F.2d 1300 (3rd Cir. 1991), US Fire insists that the order appointing Sheppard Mullen is "final" and immediately appealable under §158 (a)(1).  In *BH&P,* however, the bankruptcy court had *disqualified* counsel, thereby rendering a final decision with respect to that counsel's participation in the case.  *See also*, Bruce I. McDaniel, Annotation, *Order on Motion to Disqualify Counsel as Separately Appealable under 28*

*U.S.C.A. § 1291*, 44 A.L.R. Fed. 709 (1979) (collecting cases and observing that while orders disqualifying counsel are "uniformly held" to be appealable, treatment of orders denying requests to disqualify varies by jurisdiction.)

The Ninth Circuit has unambiguously held that a bankruptcy order appointing counsel in the face of objections regarding a purported conflict is *not* a "final" order, but an interlocutory one. *In re Westwood Shake & Shingle, Inc.*, 971 F.2d 387 (9th Cir. 1992). US Fire's contention that the order is "final" for purposes of permitting immediate appeal as of right is simply not tenable.

b. *"Collateral" orders*

The collateral order doctrine enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), allows an interlocutory order to be treated as final for purposes of appealability if three conditions are met. The order must (1) conclusively determine the disputed question, (2) resolve an important question completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). Although this doctrine was developed in the context of 28 U.S.C. §1291, which governs appeals from district courts, there is no reason it could not in theory apply to render an interlocutory bankruptcy order immediately appealable to a district court under 28 U.S.C. §158(a)(1). Again, however, clear Ninth Circuit precedent precludes a conclusion that the order appointing Sheppard Mullen is immediately appealable as a collateral order. *In re Westwood Shake & Shingle, Inc.*, supra, 971 F.2d at 390-391.[1]

---

[1] US Fire appears to conflate appeal as of right under the collateral order doctrine with appeals by leave of court under 28 U.S.C. §158(a)(3). For example, even though US Fire's original motion expressly seeks leave to appeal under section 158(a)(3), the brief only discusses the collateral order doctrine, leading the Committee to argue in its opposition and own motion that US Fire has not sought permission to appeal under section 158(a)(3). Then, in its reply brief, US Fire attempts to distinguish *Westwood Shake* on grounds that it was the Ninth Circuit, not the district court, that declined to entertain the appeal. While it is true that the district court in *Westwood Shake* had reviewed the bankruptcy court order, presumably under section 158(a)(3), that does not somehow undermine or render inapplicable the Ninth Circuit's holding that the bankruptcy order was neither final nor within the collateral order doctrine.

c. *Permissive appeal under section 158(a)(3)*

To determine whether leave to appeal an interlocutory order is warranted under section 158(a)(3), it is appropriate to look to the analogous provisions of 28 U.S.C. § 1292(b), which governs appellate review by the Courts of Appeals of interlocutory district court orders. *Belli v. Temkin (In re Belli),* 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001).[2] Under this standard, leave to appeal is proper where, "the appeal presents a meritorious issue on a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal would materially advance the ultimate termination of the litigation." *Id*. at 858.

Here, as noted, US Fire's initial brief in support of its motion completely fails to argue that the standards of section 158(a)(3) are met here, although it does address somewhat similar issues in the context of arguing that review should be permitted under the collateral order doctrine. US Fire's opposition to the Committee's motion to dismiss argues generally that equitable considerations support immediate review, but does not specifically address section 158(a)(3) standards. US Fire's reply brief in support of its own motion finally addresses the crucial issues, but falls short of establishing that leave to appeal should be granted here.

Whether the denial of a disqualification motion is ever subject to discretionary review under Ninth Circuit precedent is somewhat unclear. In *Shurance v. Planning Control Int'l, Inc.,* 839 F.2d 1347 (9th Cir. 1988), the court strongly suggested that such matters will rarely, if ever, support review. First, the court observed that denial of disqualification does not present a "controlling question of law" bearing on the outcome of the litigation. 839 F.2d at 1347-48. Second, the court noted that allowing the appeal would not "materially advance the ultimate termination of the litigation." *Id.* at 1348.

The *Shurance* court acknowledged that what it characterized as "dicta" in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981), supports the proposition that an appeal of a denial of a

---

[2] As the *Belli* court pointed out, the procedures under the two statutes are somewhat different in that section 158(a)(3) does not involve certification by the first court that a question warranting immediate review exists.

4

No. C 09-4222 RS

disqualification may sometimes satisfy the criteria for a discretionary interlocutory appeal, but only upon a compelling showing of irreparable harm. The *Shurance* court went on to declare simply that "28 U.S.C. § 1292(b) is not the proper avenue by which to obtain review of the district court's denial of a motion to disqualify an attorney for conflict of interest." 839 F.2d at 1348.[3]

Assuming that discretionary review is nonetheless permissible upon an adequate showing of potential irreparable harm notwithstanding a failure to meet the usual requirements for such review, US Fire has not established that review is warranted here. US Fire criticizes the bankruptcy court for having on the one hand found there to be no "substantial relationship" between the two matters, while on the other hand having imposed restrictions that preclude Sheppard Mullen from representing the Committee with respect to issues that would bring it into direct conflict with US Fire's interests. US Fire contends this demonstrates a flawed legal analysis, because either there is a conflict requiring disqualification, or there is not. Even assuming, for purposes of argument, that the Bankruptcy Court had committed legal error in one or more aspects of its ruling, the fact that Sheppard Mullen has been barred from advising the Committee where its interests are directly adverse to US Fire undermines any argument that irreparable harm is certain to result.

Whatever harm to US Fire might theoretically arise from Sheppard Mullen's representation of the Committee on other matters simply is insufficient to support an appeal at this juncture, particularly in light of the Supreme Court's observation that, "[a]n order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final

---

[3] The *Shurance* court described this as a rule laid down with "clarity" in *Trone v. Smith*, 553 F.2d 1207 (9th Cir. 1977). Although the *Trone* court did not explain its reasoning, the case citations it employed imply that the court then believed review under section 1292(b) was unnecessary because review was available under the collateral order doctrine. *See Trone*, 553 F.2d at 1207 (citing, e.g., *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.*, 496 F.2d 800 (2nd. Cir. 1974)); *Silver Chrysler*, 496 F.2d at 805-806 (holding denial of disqualification motion appealable as of right under the collateral order doctrine). As a result, Ninth Circuit case law appears to present a Catch 22 for parties challenging disqualification motion determinations: Per *Trone* discretionary review is not available because appeal as of right is possible, but per *Westwood Shake* the order is neither final nor within the collateral order doctrine, so there is no appeal as of right.

judgment, and not within the much smaller class of those that are not." *Firestone Tire & Rubber Co. v. Risjord*, supra, 449 U.S. at 374. Accordingly, the motion for leave to appeal is denied.

### IV. CONCLUSION

The motion to dismiss the appeal is granted. US Fire's alternative motion for leave to appeal is denied. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 04/14/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE